**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121-6950 | TEL (801) 515-7300 FAX (801) 515-7400

WRITER'S DIRECT DIAL NO.
**(801) 515-7333**

WRITER'S EMAIL ADDRESS
dennishranitzky@quinnemanuel.com

November 21, 2023

**VIA ECF**

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  11/21/2023

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *Adel Y. Al Ghanem v. Intrepid Acquisition Holdings, et al.*, No. 23-cv-10187-VSB
Request to File Sealed and Redacted Materials

Dear Judge Broderick:

We write on behalf of our client Adel Y. Al Ghanem ("Plaintiff"), the Plaintiff in the above-referenced action. We write respectfully to request that certain documents be sealed from the public docket partially or in full as appropriate, in order to protect interests of national security. Additionally, out of an abundance of caution, Plaintiff seeks to seal information that certain Defendants may view as subject a non-disclosure agreement or that may be considered proprietary information of Defendants IAP Worldwide Services, Inc. and IAP Global Services LLC (together, "**IAP**").

We are mindful of Rule 5.B.iii.a. of Your Honor's Individual Practices directing parties to meet and confer regarding requests to seal, and we have contacted counsel for Defendants to discuss this request simultaneously with the filing of this letter. Given the urgency of this emergency proceeding, which seeks to enjoin a UCC Article 9 sale scheduled to take place at 10:00 a.m. on November 28, 2023, we have filed redacted documents in the interest of time, and intend to meet and confer with Defendants' counsel and relevant non-parties in an attempt to "narrow the scope of the request [to seal]" consistent with Your Honors' direction (Rule 5.B.iii.a.). The information sought to be sealed may be accessed by all Parties in this case.

As explained in further detail in Plaintiff's Complaint, Plaintiff commenced this action to avoid certain fraudulent transfers and insider preferences involving IAP's assets and to enjoin any

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON | LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY | SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

further fraudulent transfers, including a public sale of IAP's assets currently scheduled for November 28, 2023, among other relief. IAP is a Florida-based contractor of logistical and technical support services. The overwhelming majority of IAP's business involves providing services to the United States military or contractors of the military, and IAP's senior executives require security clearances for that reason. Given IAP's status as a government contractor working predominately with the United States military, allowing public access to the documents filed in the action in unredacted form may raise national security concerns or reveal confidential or proprietary information of IAP. Additionally, Defendants may take the position that some of the information Plaintiff seeks to redact is subject to a non-disclosure agreement between Plaintiff and IAP.[1]

Therefore, Plaintiff respectfully requests permission to redact and file under seal the following documents appended as exhibits to the November 21, 2023 Declaration of Dennis H. Hranitzky, as well as certain limited portions of Plaintiff's memorandum of law that reference these exhibits or otherwise include sensitive or proprietary information (collectively, the "Requested Redactions"):

- IAP Illustrative Liquidation & Program Sale Proceeds Analysis" slide deck, dated October 18, 2023;
- Letter from Raymond Szymanski to Al Ghanem, dated October 20, 2023;
- Letter from Eric Winston to Kimberly deBeers and Daniel McGuire, dated October 20, 2023;
- Letter from Daniel McGuire to Eric Winston, dated October 21, 2023;
- Letter from Eric Winston to Kimberly deBeers, Craig Wolfe, and Daniel McGuire, dated November 2, 2023;
- Letter from Daniel McGuire to Eric Winston, dated November 6, 2023; and
- Forbearance Agreement between IAP and Black Diamond.

Plaintiff's request comports with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"[2]; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id*. at 119-20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

Where, as here, there is "limited public, as distinguished from private, interest" in the proceedings, the presumption in favor of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus.*

---

[1] Plaintiff is seeking to seal any such information out of an abundance of caution and does not concede that any of the sealed information is subject to a non-disclosure agreement between Plaintiff and IAP.

[2] There is no question that the documents Plaintiff seeks to redact are judicial documents because they are either pleadings or evidence filed in support of pleadings. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth.*, Ind., 347 F. App' x 615, 616 (2d Cir. 2009) ("We have described judicial documents as those that are relevant to the performance of the judicial function.") (cleaned up)

*Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Robert Bosch GMBH v. Honeywell Int'l Inc.*, 2015 WL 128154, at *2 (S.D.N.Y. Jan. 6, 2015). There is minimal public interest in public access to the information Plaintiff seeks to redact, and the proposed redactions are "narrowly tailored" to "preserve higher values." *Lugosch*, 435 F.3d at 124; *Cooksey* v. *Global Grind Digital*, 2016 WL 316853, at *3 (S.D.N.Y. Jan. 26, 2016) (granting motion to seal where "the redactions are narrowly tailored to redact a small part of the Amended Complaint.")

Further, the vast majority of the documents Plaintiff filed in this action will be public, and the unredacted information provides the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting proposed redactions where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication"); *KeyBank Nat'l Assoc. v. Element Transp. LLC*, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) (permitting proposed redactions where redacted document was "irrelevant" to parties' claims).

Plaintiff only seeks to apply limited redactions to avoid implicating national security or disclosing IAP proprietary information or information that certain Defendants may view as subject to a non-disclosure agreement. The potential risk for national security and need for confidentiality outweighs the public interest in access to the limited information Plaintiff seeks to seal. These higher values outweigh the right of public access to this limited information.

On the other side of the scale, there is a strong countervailing interest in maintaining the confidentiality of certain information. *See Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020) ("Notwithstanding the presumption of [public] access, portions of the complaint may be kept under seal if countervailing factors in the common law framework or higher values in the First Amendment framework so demand.") (cleaned up). Given IAP's status as a government contractor working predominately with the United States Military, allowing public access to the documents in unredacted form may raise national security concerns. The Second Circuit has held that sealing is warranted "to guard against risks to national security interests." *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("The public has in the past been excluded, temporarily or permanently, from . . . the records of court proceedings to protect private as well as public interests . . . to guard against risks to national security interests[.]") (citation omitted).

Further, as noted, certain of the Proposed Redactions cover information that certain Defendants may view as subject to a non-disclosure agreement between the Plaintiff and IAP. Sealing is thus warranted at the initial stage out of an abundance of caution, to protect information that is purportedly subject to a non-disclosure agreement. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing…confidential research and development information, marketing plans, revenue information, pricing information, and the like.") (citation omitted.)

For these reasons, Plaintiff respectfully requests that the Court permit the Requested Redactions identified above.

Respectfully submitted,

Dennis Hranitzky