**quinn emanuel** trial lawyers | salt lake city

2755 E. Cottonwood Parkway, Suite 430, Salt Lake City, Utah 84121-6950 | TEL (801) 515-7300 FAX (801) 515-7400

> APPLICATION GRANTED
> SO ORDERED [signature]
> VERNON S. BRODERICK
> U.S.D.J.   12/11/2023

December 10, 2023

<u>VIA ECF</u>

Hon. Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
 40 Foley Square, Room 415
New York, NY 10007

      Re:    *Adel Y. Al Ghanem v. Intrepid Acquisition Holdings, et al.*, No. 23-cv-10187-VSB
             Request to File Sealed Documents

Dear Judge Broderick:

We write on behalf of our client Adel Y. Al Ghanem ("Plaintiff"), the Plaintiff in the above-referenced action. We write respectfully to request that Plaintiff's Supplemental Memorandum of Law in support of his Motion for a Temporary Restraining Order and Preliminary Injunction, as well as the accompanying exhibits (collectively, the "Supplemental Documents"), be filed under seal. The Supplemental Documents contain information and documents produced by Defendants and certain non-parties. Plaintiff seeks permission to seal the Supplemental Documents in their entirety only temporarily, given the expedited nature of these proceedings and the short time frame within which discovery was conducted. Immediately upon filing, Plaintiff intends to meet and confer with Defendants and other producing parties regarding limited, narrowly tailored proposed redactions, consistent with Rules 5.B.ii-iii of Your Honor's Individual Rules & Practices in Civil Cases.

As in Plaintiff's prior Letter Motion to Seal filed in this case (Dkt. 5)—which Your Honor granted (Dkt. 29)—Plaintiff seeks to file the Supplemental Documents under seal in order to protect interests of national security. Additionally, out of an abundance of caution, Plaintiff seeks to seal information that certain Defendants or other producing parties may view as confidential.

quinn emanuel urquhart & sullivan, llp

ABU DHABI | ATLANTA | AUSTIN | BEIJING | BERLIN | BOSTON | BRUSSELS | CHICAGO | DALLAS | DOHA | HAMBURG | HONG KONG | HOUSTON |
LONDON | LOS ANGELES | MANNHEIM | MIAMI | MUNICH | NEUILLY-LA DEFENSE | NEW YORK | PARIS | PERTH | RIYADH | SALT LAKE CITY |
SAN FRANCISCO | SEATTLE | SHANGHAI | SILICON VALLEY | STUTTGART | SYDNEY | TOKYO | WASHINGTON, DC | ZURICH

As explained in further detail in Plaintiff's Complaint, Plaintiff commenced this action to avoid certain fraudulent transfers and insider preferences involving assets of Defendants IAP Worldwide Services, Inc. and IAP Global Services LLC (together, "IAP") and to enjoin any further fraudulent transfers, including a public sale of IAP's assets that occurred on November 28, 2023, among other relief. IAP is a Florida-based contractor of logistical and technical support services. The overwhelming majority of IAP's business involves providing services to the United States military or contractors of the military, and IAP's senior executives require security clearances for that reason. Given IAP's status as a government contractor working predominately with the United States military, allowing public access to the Supplemental Documents in unredacted form may raise national security concerns or reveal confidential. Additionally, Defendants or other producing parties may take the position that the Supplemental Documents contain information that is proprietary or confidential. Therefore, Plaintiff respectfully requests permission to file the Supplemental Documents in their entirety under seal to allow Plaintiff an opportunity to meet and confer with the Defendants and other producing parties regarding proposed redactions.

Plaintiff's request comports with Second Circuit case law, which applies the three-step test described in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under this test, the court must determine: (1) whether the documents subject to a sealing request qualify as "judicial documents"[1]; (2) the weight of the presumption of public access attaching to any judicial document; and (3) if any countervailing factors or higher values outweigh the right of public access to any judicial documents. *Id*. at 119-20. This Court has "considerable discretion in determining whether good cause exists to overcome the presumption of open access" to documents filed on its docket. *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

Where, as here, there is "limited public, as distinguished from private, interest" in the proceedings, the presumption in favor of public access is weak. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009); *see also Robert Bosch GMBH v. Honeywell Int'l Inc.*, 2015 WL 128154, at *2 (S.D.N.Y. Jan. 6, 2015). There is minimal public interest in immediate public access to the Supplemental Documents.

Further, the vast majority of the documents Plaintiff filed in this action are already public, and the unredacted information provides the public with ample information to understand the dispute. *See Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018) (permitting sealing where a "member of the public reviewing the parties' redacted submissions . . . would have information sufficient to understand the parties' arguments and the Court's adjudication").

Plaintiff only seeks to file the Supplemental Documents under seal for a limited time to avoid implicating national security or disclosing information that certain Defendants or other producing parties may view as proprietary or confidential. The potential risk for national

---

[1] There is no question that the Supplemental Documents are judicial documents because they are either pleadings or evidence filed in support of pleadings. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth.*, Ind., 347 F. App' x 615, 616 (2d Cir. 2009) ("We have described judicial documents as those that are relevant to the performance of the judicial function.") (cleaned up).

security and need for confidentiality outweighs the public interest in immediate access to the Supplemental Documents. These higher values outweigh the right of immediate public access, especially where the lion's share of information relevant to the dispute is already in the public domain.

On the other side of the scale, there is a strong countervailing interest in maintaining the confidentiality of certain information. *See Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 427 (S.D.N.Y. 2020). Given IAP's status as a government contractor working predominately with the United States Military, allowing public access to the Supplemental Documents in unredacted form may raise national security concerns. The Second Circuit has held that sealing is warranted "to guard against risks to national security interests." *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("The public has in the past been excluded, temporarily or permanently, from . . . the records of court proceedings to protect private as well as public interests . . . to guard against risks to national security interests[.]") (citation omitted).

Further, as noted, the Defendants or other producing parties may take the position that the Supplemental Documents contain proprietary or confidential information. Numerous such documents have been designated as confidential or highly confidential by the producing parties in accordance with the stipulation and order governing confidential materials entered in this action (Dkt. 55). Sealing is thus warranted at the initial stage out of an abundance of caution, to protect information that is purportedly confidential or proprietary. *Kewazinga Corp. v. Microsoft Corp.*, 2021 WL 1222122, at *6 (S.D.N.Y. Mar. 31, 2021) ("Examples of commonly sealed documents include those containing…confidential research and development information, marketing plans, revenue information, pricing information, and the like.") (citation omitted.)

For these reasons, Plaintiff respectfully requests that the Court permit the filing of the Supplemental Documents under seal, pending the Parties' meet and confer regarding proposed redactions.

Respectfully submitted,

Dennis Hranitzky