SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
32ND FLOOR
1301 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6022
(212) 336-8330
FAX (212) 336-8340
WWW.SUSMANGODFREY.COM

_____

SUITE 5100                                   SUITE 950                                    SUITE 3800
1000 LOUISIANA STREET            1901 AVENUE OF THE STARS            1201 THIRD AVENUE
HOUSTON, TEXAS 77002-5096      LOS ANGELES, CALIFORNIA 90067-6029      SEATTLE, WASHINGTON 98101-3000
(713) 651-9366                          (310) 789-3100                         (206) 516-3880
_____                                 _____                                _____

STEVEN SHEPARD
DIRECT DIAL (212) 729-2010                                                    E-MAIL SShepard@SUSMANGODFREY.COM

December 17, 2023

**APPLICATION GRANTED
SO ORDERED _[signature]_
VERNON S. BRODERICK
U.S.D.J.  12/17/2023**

**VIA ECF**

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, Room 415
New York, New York 10007

         Re:    *Al Ghanem v. Black Diamond Commercial Finance, LLC*, 23-cv-10187-VSB

Dear Judge Broderick:

        On behalf of my client, Black Diamond Commercial Finance, LLC ("BDCF"), I respectfully submit this letter motion to request that the Court permit BDCF to temporarily file under seal BDCF's Memorandum of Law in Opposition to Plaintiff's Motion for a Preliminary Injunction, the Declarations of Steven Shepard, Stephen Latkovic, Ethan Auerbach, and Jay Krasoff, and the accompanying exhibits (collectively, the "**BDCF Documents**") in their entirety.

        The BDCF Documents contain information that BDCF, defendants IAP Worldwide Services, Inc. and IAP Global Services, LLC (together, "IAP"), or other third parties have designated or may consider confidential or highly confidential under the Stipulation and Order Governing Confidential Materials entered in this action (ECF No. 55), including information pertaining to national security. Thus, BDCF seeks to file the BDCF Documents temporarily under seal to permit the parties time to meet and confer regarding any redactions that may be warranted in accordance with Rules 5.B.ii-iii of Your Honor's Individual Rules & Practices in Civil Cases. This request is consistent with the requests to seal previously made by Al Ghanem in this matter, which the Court granted. *See* ECF Nos. 29 & 67.

December 17, 2023
Page 2

A court's consideration of a request to seal materials in a civil matter is governed by the three-step framework articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, which requires a court to (i) determine whether the documents at issue are "judicial documents"; (ii) determine the weight of the presumption of public access; and (iii) "balance competing considerations against" that presumption. 435 F.3d 110, 119-20 (2d Cir. 2006) (internal quotation marks omitted). Applied here, this framework weighs in favor of granting BDCF's request to temporarily seal the BDCF Documents pending the parties' meet-and-confer.

As to the first step, the BDCF documents are "judicial documents" because, as BDCF's pleadings in response to Al Ghanem's motion and evidence submitted in support of those pleadings, they are documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (internal quotation marks omitted).

As to the second and third steps, the weight of the presumption of public access here is outweighed by the national security and confidentiality concerns that have or will likely be asserted by interested parties. Courts have recognized that protecting national security interests outweighs the public's interest in access to judicial documents. *See, e.g.*, *United States v. Aref*, 533 F.3d 72, 83 (2d Cir. 2008) (affirming district court's sealing of government's opposition brief and order due to "legitimate national-security concerns"); *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995) ("The public has in the past been excluded, temporarily or permanently, from ... the records of court proceedings . . . to guard against risks to national security interests") (citation omitted). As alleged in the Complaint and in Al Ghanem's December 10, 2023 request to seal (ECF No. 62), this action seeks to avoid the sale of certain IAP assets. IAP is a defense services provider, who primarily provides services to the United States military or military contractors. *See* Compl. ¶ 19, ECF No. 1; ECF No. 62 at 2. Indeed, due to the sensitive nature of IAP's services, its senior executives require security clearances. Compl. ¶ 19, ECF No. 1. Thus, documents relating to IAP's business and the sale of its assets may contain information that, if publicly available, would raise national security concerns and warrant the temporary sealing requested by BDCF.

Additionally, BDCF believes (and likely other parties will agree) that the BDCF Documents contain sensitive business information that would harm IAP's and others' businesses if made public. Courts have recognized that confidential business information is properly sealed when such information is included in judicial documents. *See, e.g., Bayer Schera Pharma AG v. Sandoz, Inc.*, Nos. 08-cv-3710, 08-cv-8112, 2009 WL 10697941, *1-2 (S.D.N.Y. Apr. 13, 2009)

December 17, 2023
Page 3


(granting motion to seal materials, including confidential financial and sales data, that "would be likely to cause it competitive harm" if disclosed); *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998) (sealing "[c]onfidential business information [that] may provide valuable insights into a company's current business practices that a competitor would seek to exploit").

For example, the vast majority of the BDCF Documents reflect the efforts of BDCF, IAP and others to sell IAP and the terms of offers made by others to purchase IAP's assets. This is precisely the type of sensitive business information that courts have held is appropriate to seal. *See AngioDynamics, Inc. v. C.R. Bard, Inc.*, No. 17-cv-00598, 2021 WL 776701, at *6 (N.D.N.Y. Mar. 1, 2021) (sealing "proposed purchase price and pricing structure of several proposals and counterproposals during a past acquisition negotiation by" plaintiff); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11-12 (S.D.N.Y. Mar. 29, 2016) (granting request to redact portions of summary judgment brief which referenced "confidential and sensitive business information, including . . . merger discussions"). The need to protect this type of information from disclosure is particularly imperative because the sale of IAP's assets has not yet been closed and (if the preliminary injunction were to be granted) the result would be additional delay and uncertainty in determining if, when and to whom the assets may be sold.

Moreover, since BDCF only seeks to temporarily seal the BDCF Documents pending the parties' meet-and-confer, there is "limited public, as distinguished from private interest," in the immediate disclosure of the documents sought to be sealed. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regul. Auth., Ind.*, 347 F. App'x 615, 617 (2d Cir. 2009). That "limited public" interest is outweighed by the concerns discussed above.

BDCF respectfully requests that the BDCF Documents be permitted to be temporarily filed under seal in their entirety pending the parties meeting and conferring regarding proposed redactions. BDCF commits to promptly reverting to the Court with proposed redacted versions of these documents that can be publicly filed.

Respectfully submitted,

  */s/ Steven M. Shepard*
Steven M. Shepard
**SUSMAN GODFREY LLP**
1301 Avenue of the Americas, 32nd Floor

December 17, 2023
Page 4

New York, New York  10019
(212) 729-2010
sshepard@susmangodfrey.com

cc: All counsel of record (via ECF)