UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEL Y. AL GHANEM,<br><br>            Plaintiff,<br><br>    v.<br><br>BLACK DIAMOND COMMERCIAL FINANCE, LLC; IAP WORLDWIDE SERVICES, INC.; and IAP GLOBAL SERVICES, LLC,<br><br>            Defendants. | Civil Action No. 23-cv-10187 (VSB) |

**AMENDED STIPULATION AND ORDER
<u>GOVERNING CONFIDENTIAL MATERIAL</u>**

IT IS HEREBY STIPULATED AND AGREED by and between the parties to the above-captioned action (the "**Action**"), subject to the approval of the Court, that:

1. This Stipulation and Order governs the treatment of documents, depositions and deposition exhibits, interrogatory answers, responses to requests to admit, responses to demands under Rule 26.1 of the Local Civil Rules of this Court and any other and other written, recorded or graphic matter ("**Discovery Material**") produced by or obtained from any party or non-party (the "**Producing Person**") in the Action that is designated confidential or highly confidential by the Producing Person in accordance with the procedures set forth below.

2. Any Producing Person may designate any Discovery Material produced, given or exchanged during the conduct of the Action as "Confidential" or "Highly Confidential— Attorney's Eyes Only" if the Producing Person in good faith believes that such Discovery Material falls within the scope of this paragraph. For purposes of this Stipulation and Order, (a) the "Confidential" designation means that the document contains information that is

proprietary, commercially sensitive, or composed of trade secrets or commercial information that is not publicly known, or other information required by law or agreement to be kept confidential; and (b) the "Highly Confidential— Attorney's Eyes Only" designation means that the document contains information that is not absolutely restricted but is subject to restrictions related to national security under the Producing Person's agreements with, and/or regulations of, one or more agencies of the United States of America. Any Producing Person may designate Discovery Material as "Confidential" or "Highly Confidential— Attorney's Eyes Only" if such Party in good faith reasonably believes that such Discovery Material falls within the scope of this paragraph. All Discovery Materials designated "Confidential" or "Highly Confidential— Attorney's Eyes Only" or required to be treated as "Confidential," or "Highly Confidential— Attorney's Eyes Only," and the information contained or reflected therein or derived therefrom, shall be referred to in this Stipulation and Order as "Confidential Discovery Material" or "Highly Confidential Discovery Material", as the case may be, and shall be handled in strict accordance with the terms of the Stipulation and Order.

3. This Stipulation and Order is without prejudice to any Producing Person's right to assert that Discovery Material is subject to a claim of privilege or protection from disclosure on the basis of (i) the attorney-client privilege, attorney work product, or on the basis that it was prepared in anticipation of litigation, or on any other similar ground of privilege, or (ii) that there is a prohibition on disclosure based on restrictions related to national security under the Producing Person's agreements with, and/or regulations of, one or more agencies of the United States of America (all Discovery Material subject to any of the foregoing claims collectively, "**Protected Material**"), and is without prejudice to any other party's right to contest any such assertion.

4. If Protected Material is inadvertently produced by a Producing Person, such production shall not prejudice or otherwise constitute a waiver of, or estoppel as to, any claim that the Protected Material is absolutely protected from disclosure. If a claim of inadvertent production is made pursuant to this paragraph with respect to Protected Material then in the custody of another party, such party shall promptly return to the Producing Person or destroy that Protected Material within its possession, custody or control as to which the claim of inadvertent production has been made. In addition, the receiving party shall destroy all notes or work product reflecting the contents of such Protected Material, and shall not use such Protected Material, or the information contained therein, for any purpose in the Action or in any other action. If a claim of inadvertent production of Protected Material is made pursuant to this paragraph, the assertion by counsel for the Producing Person that the production was inadvertent shall be accepted by all parties as binding and final.

5. Discovery Material shall be used only in connection with (i) the Action; (ii) the matter pending in the Circuit Court of the 18th Judicial Circuit in and for Brevard County, Florida, entitled *Adel Y. Al Ghanem v. IAP World Service Company and IAP Worldwide Services, Inc.*, Case No. 05-2018-CA-012905, (the "**Florida Action**"); (iii) any proceeding relating to enforcement of any judgment entered in the Action or the Florida Action; (iv) the matter pending in the Supreme Court of the State of New York for New York County, entitled *Eaton Vance Floating Rate Income Trust et al. v. Black Diamond Commercial Finance, L.L.C. et al.*, Case No. 656351/2023; (v) any proceeding related to the assignment, transfer or dissipation of assets of IAP; and (vi) any appellate proceedings related to (i) through (v) (such proceedings other than the Action, "**Related Proceedings**"); provided that a protective order with protections substantially similar to those set forth in this order have been entered in any

such Related Proceeding.  Confidential Discovery Material and Highly Confidential Discovery Material may be disclosed only under the circumstances and to the persons specifically provided for in this Stipulation and Order or subsequent court orders, or with the explicit consent in writing of the Producing Person with respect to specifically identified Confidential Discovery Material or Highly Confidential Discovery Material.

      6.    (a) Copies or originals of Confidential Discovery Material or Highly Confidential Discovery Material which are delivered to parties in the Action or otherwise leave the possession of the Producing Person shall be designated by marking or stamping each page as "Confidential" or "Highly Confidential—AEO".  With respect to documents produced in native format, the designation may be made by including the word "Confidential" or "Highly Confidential—AEO" in the filename of the produced version of the document immediately following the BATES number.  The designation shall also be stated in an appropriate field of the load file for all productions made by electronic means.

      (b)    The Producing Person may, on the record of a deposition, or within thirty (30) business days after receipt of the final transcript of such deposition, designate any portion or portions of the deposition, including exhibits, as "Confidential" or "Highly Confidential— AEO" under the terms of this Stipulation and Order. Until such time period expires without any designation having been made, the entire deposition transcript shall be treated as "Highly Confidential— AEO" unless otherwise specified in writing or on the record of the deposition by the Producing Person. All copies of deposition transcripts that contain material designated as Confidential Discovery Material or Highly Confidential Discovery Material shall be prominently marked "Confidential" or "Highly Confidential—AEO," respectively, on the cover thereof and,

if and when filed with the Court, the portions of such transcript so designated shall be filed under seal.

        (c)      In order to assist IAP Worldwide Services, Inc. and IAP Global Services, LLC (together, "**IAP**") or any other Producing Person that in good faith believes it is in possession of responsive information related to national security in expediting their initial document production in this Action in November-December 2023, IAP may designate any or all Discovery Materials produced during that time period as "Highly Confidential—AEO," without strict adherence to the definition of such term in paragraph 2 above, subject to challenge pursuant to paragraph 15 below.  IAP and any other Producing Person making such a blanket "Highly Confidential—AEO" designation shall promptly reconsider its designations as to specific documents upon request of any party in order to facilitate the use of such documents or to permit their filing, subject to the terms of this Stipulation and Order.

        7.      Discovery Material designated as "Confidential" or information derived therefrom may be disclosed or made available only to the following persons without written consent from the Producing Person:

        (a)      outside litigation counsel that have appeared in the Action or Related Proceedings and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided that the signature on this Stipulation and Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

        (b)      experts or consultants retained in good faith to assist counsel in the Action or Related Proceedings, provided that any such experts or consultants execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy

of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the Producing Person upon a showing of good cause;

(c) parties' corporate affiliates who have need to know about the Action, together with their counsel, officers, directors, partners, members, employees, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order and provided that such persons execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure, so that it may be shown to counsel for the Producing Person upon a showing of good cause;

(d) the parties and inside counsel, officers, directors, partners, members, employees or former employees of the parties assisting in the prosecution or defense of the Action or Related Proceedings, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

(e) the Court or any court presiding over any Related Proceedings, pursuant to Paragraph 11 of this Stipulation and Order;

(f) employees of outside copy services used to make copies of Discovery Materials;

(g) witnesses deposed in the Action or any Related Proceedings, or who appear at any hearing or trial in the Action or any Related Proceedings, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that

counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order; and

    (h) court reporters who record testimony taken in the course of the Action or any Related Proceedings.

    8. Discovery Material designated as "Highly Confidential— AEO" or information derived therefrom may be disclosed or made available only to the following persons without written consent from the Producing Person:

    (a) outside litigation counsel that have appeared in the Action or Related Proceedings and attorneys, clerical, paralegal and secretarial staff employed by such counsel, provided that the signature on this Stipulation and Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers in, and regular and temporary employees of, that firm to be so bound;

    (b) experts or consultants retained in good faith to assist counsel in the Action or Related Proceedings, provided that any such experts or consultants execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure to the expert or consultant, so that it may be shown to counsel for the Producing Person upon a showing of good cause;

    (c) the Court or any court presiding over any Related Proceedings, pursuant to Paragraphs 11 and 12 of this Stipulation and Order;

    (d) employees of outside copy services used to make copies of Discovery Materials;

Case 1:23-cv-10187-VSB   Document 101   Filed 05/06/24   Page 8 of 14

    (e)  witnesses deposed in the Action or any Related Proceedings, or who appear at any hearing or trial in the Action or any Related Proceedings, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that counsel making such disclosure shall inform each such person that the material is confidential and may not be disclosed or used except as provided in this Stipulation and Order;

    (f)  court reporters who record testimony taken in the course of the Action or any Related Proceedings; and

    (g)  outside counsel to parties' corporate affiliates who have need to know about the Action, provided that counsel making such disclosure shall inform each such person that the matter is confidential and may not be disclosed or used except as provided in this Stipulation and Order and provided that such persons execute an undertaking to be bound by this Stipulation and Order in the form attached hereto prior to disclosure and a copy of such signed undertaking is retained by counsel for the party making disclosure, so that it may be shown to counsel for the Producing Person upon a showing of good cause.

    9.  In the event additional persons become parties to the Action or any Related Proceedings, neither they, their outside counsel, nor experts or consultants retained to assist said counsel shall be afforded access to Confidential Discovery Material or Highly Confidential Discovery Material produced by or obtained from any other Producing Person until said additional parties have executed and filed with this Court or the Court in the applicable Related Proceeding a copy of this Stipulation and Order or a protective order with protections substantially similar to those set forth in this Stipulation and Order.

    10.  Should any non-party serve a subpoena that calls for the production of any Confidential Discovery Material or Highly Confidential Discovery Material on any party or

counsel for a party who has received such material, the subpoenaed party in such instance shall provide notice to the Producing Person by promptly transmitting a copy of the subpoena via email to counsel for the Producing Person. It shall be the obligation of the Producing Person, prior to the response date on the subpoena, to seek a protective order or any other appropriate relief from the Court if the Producing Person wishes to maintain the confidentiality of the material. If the Producing Person fails to seek judicial relief to preclude the disclosure of Confidential Discovery Material or Highly Confidential Discovery Material in response to a subpoena, he shall be deemed to have waived any claim of confidentiality with respect to such material, provided that such failure to seek judicial relief shall not waive any claim of confidentiality where the subpoena is served in connection with a Related Proceeding where a protective order with protections substantially similar to those set forth in this Stipulation and Order has been entered.

11.     In the event that counsel for any party determines to file with this Court or a court presiding over any Related Proceedings any pleadings, motions or briefs or other papers which contain or disclose Confidential Information, such papers shall be filed under seal or submitted to the court in such manner as is required by any applicable Individual Rules and Practices in Civil Cases or other applicable procedure, or as agreed upon by the parties hereto (or ordered by the Court) and a statement substantially in the following form shall be endorsed on the cover:

<u>"CONFIDENTIAL — SUBJECT TO COURT ORDER"</u>

All such materials filed in the Action shall be accepted by the Clerk of the Court for filing in accordance with Standing Order 19-MC-583 and Section 6 of the S.D.N.Y.

...

...

Electronic Case Filing Rules and Instructions and shall be maintained by the Clerk separate from public records and shall be released only upon further Order of this Court.

12. No party shall file with this Court or any other court, even under seal, any pleadings, motions, briefs, exhibits, deposition excerpts or other papers which contain or disclose information designated as "Highly Confidential— AEO" without the advance consent of the Producing Person. Notwithstanding the foregoing, a party may file "Highly Confidential— AEO" documents under seal in connection with a motion asking the Court to order that confidentiality designation to be removed. As further provided in paragraph 15, before filing any such motion the moving party must first meet-and-confer in good faith with the Producing Person.

13. Inadvertent production of any Discovery Material without it being marked "Confidential" or "Highly Confidential—AEO" shall not be deemed a waiver of any claim of confidentiality as to that Discovery Material. If a Producing Person fails to mark an item as "Confidential" or "Highly Confidential—AEO" at the time of production, that Producing Person may correct his failure in writing accompanied by substitute copies of each item, appropriately marked "Confidential" or "Highly Confidential—AEO," as applicable.

14. This Stipulation and Order has no effect upon, and its scope shall not extend to, any Producing Person's use of its own Discovery Material.

15. Any party receiving Confidential Discovery Material or Highly Confidential Discovery Material shall have the right at any time to challenge any designation of confidentiality by the Producing Person by seeking an order of the Court or the Court in the applicable Related Proceeding with respect to any information, document or thing designated as Confidential Discovery Material or Highly Confidential Discovery Material. On any such

application, the burden of proof shall be on the Producing Person and shall not be affected by the Stipulation and Order. All parties receiving such materials or information shall abide by the Producing Person's initial designation during the pendency of such motion. The parties agree that, before seeking any relief from the Court under this paragraph, they will make a good faith effort to resolve among themselves any dispute concerning the confidential treatment of any such material.

16. This Stipulation and Order shall have no effect on the admissibility or discoverability of any Discovery Material.

17. After the termination of the Action and all Related Proceedings, this Stipulation and Order shall continue to be binding upon the parties hereto, and upon all persons to whom Confidential Discovery Material or Highly Confidential Discovery Material has been disclosed or communicated, and this Court shall retain jurisdiction over the parties for enforcement of its provisions.

18. Within thirty (30) days after the final conclusion of all aspects of the Action and all Related Proceedings by satisfaction in full of the Judgments or by settlement, all Confidential Discovery Material or Highly Confidential Discovery Material supplied by a Producing Person and all copies thereof (including, without limitation, copies provided to testifying or consulting experts) shall be returned to the Producing Person, or the party's counsel shall certify to the Producing Person that all such materials have been destroyed. Notwithstanding the foregoing, counsel may retain Confidential Discovery Material or Highly Confidential Discovery Material contained in the following, provided that such counsel otherwise comply with this Stipulation and Order with respect to such retained material: (i) work product, (ii) correspondence between the parties relating to the Action or Related Proceedings;

(iii) documents that were served in this Action or any Related Proceedings, (iv) documents filed with this Court or the court presiding over any Related Proceedings, (v) transcripts of depositions or court proceedings; and/or (vi) marked as deposition exhibits or evidentiary exhibits at any trial or hearing.

19.  Nothing in this Stipulation and Order shall be construed as prejudicing any Producing Person's right to seek an agreement or court order providing additional confidentiality or other protections to any Confidential Discovery Material or Highly Confidential Discovery Material produced in these Action. Nothing in this Stipulation and Order shall be construed as prejudicing any application for an order modifying this Stipulation and Order for good cause. In the event that a party moves the court for an order modifying this Stipulation and Order, or authorizing disclosure of Confidential Information or Highly Confidential Information other than as authorized by this Stipulation, the moving party promptly shall notify the counsel for the Producing Person by email. However, until such agreement or order is obtained, this Stipulation and Order shall constitute the entire agreement of the parties with respect to the matters covered herein.

20.  This Stipulation and Order is governed by, interpreted under, and construed and enforced in accordance with New York law, without regard to the conflicts of law principles of the State of New York. Any dispute between the parties regarding this Stipulation and Order, including whether an action is a "Related Proceeding" shall be resolved by making an appropriate application to this Court in accordance with the Rules thereof.

Dated: New York, New York
       May 1, 2024

| | |
|---|---|
| **QUINN EMANUEL URQUHART & SULLIVAN, LLP** | **SUSMAN GODFREY LLP** |
| | |
| */s/ Dennis H. Hranitzky* | */s/ Steven M. Shepard* |
| Dennis H. Hranitzky | Steven M. Shepard |
| 2755 E. Cottonwood Parkway, Suite 430 | Zach Savage |
| Salt Lake City, UT 84121 | 1301 Avenue of the Americas, 32nd Fl. |
| Tel: 801-515-7300 | New York, NY 10019 |
| dennishranitzky@quinnemanuel.com | Tel: (212) 729-2010 |
| | Sshepard@susmangodfrey.com |
| | zsavage@susmangodfrey.com |
| Debra D. O'Gorman | |
| Yehuda Goor | *Attorneys for defendant Black Diamond Commercial Finance, LLC* |
| 51 Madison Avenue, 22nd Floor | |
| New York, NY 10010 | **MORGAN, LEWIS & BOCKIUS LLP** |
| Tel: 212-849-7000 | |
| debraogorman@quinnemanuel.com | */s/Joshua Dorchak* |
| yehudagoor@@quinnemanuel.com | Craig A. Wolfe |
| | Jason Alderson |
| Eric D. Winston (admitted *pro hac vice* ) | Joshua Dorchak |
| 865 S. Figueroa St., 10th Floor | 101 Park Avenue |
| Los Angeles, CA 90017 | New York, NY 10178-0060 |
| Tel: 213-443-3000 | Tel: (212) 309-6000 |
| ericwinston@quinnemanuel.com | craig.wolfe@morganlewis.com |
| | jason.alderson@morganlewis.com |
| *Attorneys for Plaintiff* | joshua.dorchak@morganlewis.com |
| | |
| | *Attorneys for defendants IAP Worldwide Services, Inc. and IAP Global Services, LLC* |

 SO ORDERED.  5/6/2024

_____
Vernon S. Broderick
United States District Judge

13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ADEL Y. AL GHANEM,<br><br>  Plaintiff,<br><br>v.<br><br>BLACK DIAMOND COMMERCIAL FINANCE, LLC; IAP WORLDWIDE SERVICES, INC.; and IAP GLOBAL SERVICES, LLC.<br><br>  Defendants. | Civil Action No. 23-cv-10187 (VSB) |

**UNDERTAKING REGARDING**
**CONFIDENTIALITY STIPULATION AND ORDER**

I, _____, have read and understand the Stipulation and Order Governing Confidential Material dated as of May \_\_, 2024, in the above-captioned litigation, and I agree to be bound by and comply with its terms. I further agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York in connection with any dispute thereunder.

Signature: _____

Name: _____

Date: _____